# Exhibit A

GLANCY PRONGAY & MURRAY LLP
Kevin F. Ruf (SBN 136901)
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9150
Email: kruf@glancylaw.com

*Attorneys for Plaintiff Steve Elster*

FILED
SEP 29 2020
R. BIEKER CLERK OF THE COURT
SUPERIOR COURT OF CALIFORNIA
By D. WAGNER

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF CONTRA COSTA

| | |
|---|---|
| STEVE ELSTER, an individual, and on behalf of all others similarly situated,<br><br>PLAINTIFF,<br><br>vs.<br><br>VIVID SEATS, INC., an Illinois Corporation; VIVID SEATS LLC, a Delaware Corporation, and DOES 1 to 10, Inclusive.<br><br>DEFENDANTS. | Case No. **C20-01959**<br><br>**PLAINTIFF STEVE ELSTER'S UCL COMPLAINT SEEKING PUBLIC INJUNCTION:**<br><br>1. **UNFAIR BUSINESS PRACTICES IN VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17200,** *et seq.*<br><br>PER LOCAL RULE, THIS CASE IS ASSIGNED TO DEPT 39, FOR ALL PURPOSES.<br><br>SUMMONS ISSUED |

BY FAX
FIRST LEGAL
200 WEBSTER ST STE 201
OAKLAND, CA 94607
415-626-3111

COMPLAINT

## I. INTRODUCTION

1. Plaintiff STEVE ELSTER, by and through his counsel, brings this complaint against Defendants VIVID SEATS, Inc. and VIVID SEATS LLC (collectively "VIVID") to seek redress in the form of a public injunction against Defendants' illegal and unfair policy, to wit that tickets for rescheduled or postponed events are NOT subject to refund, regardless of whether a refund is requested by a California resident customer. This policy is illegal and unfair because such refund is required if requested, under Section 22507 of California's Business and Professions Code.

## II. JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's claims on behalf of himself and other California residents because Plaintiff's lawsuit seeks a permanent injunction and the illegal and unfair conduct occurred in California. Furthermore, this Court has personal jurisdiction over Defendants because Defendants have purposefully availed themselves of the resources and protections of, conduct business in, and have systematic contacts with, California.

3. Venue is proper in the County of Contra Costa in accordance with section 395(a) of the California Code of Civil Procedure because the events, omissions, or injuries giving rise to Plaintiff's cause of action against Defendants occurred with the County of Contra Costa.

## III. PARTIES

4. Steve Elster ("Plaintiff") is an individual residing in Contra Costa, California. On or about August 21, 2019, Plaintiff and his wife purchased tickets to *Les Misérables*, through the VIVID website.

5. Plaintiff is informed and believes and thereon alleges that VIVID is one of the largest ticket sellers in California, with tens of millions of dollars in revenue from ticket sales to California residents. Plaintiff is informed and believes and thereon alleges that Defendant VIVID TICKETS, INC. is incorporated in Illinois. Plaintiff is informed and believes and thereon alleges that Defendant VIVID TICKETS LLC is incorporated in Delaware. Plaintiff also is informed and believes and thereon alleges that Defendants DOES 1-10 are, and at all times relevant hereto were, persons or entities acting on behalf of VIVID who violated or caused to be violated California law as set forth herein.

6. Plaintiff is unaware of the true names of Defendants DOES 1 through 10. Plaintiff sues said defendants by said fictitious names and will amend this Complaint when the true names and capacities are ascertained or when such facts pertaining to liability are ascertained, or as permitted by law or by the Court. Plaintiff is informed and believes that each of the fictitiously named defendants is in some manner responsible for the events and allegations set forth in this Complaint.

7. Plaintiff makes the allegations in this Complaint without any admission that, as to any particular allegation, Plaintiff bears the burden of pleading, proving, or persuading and Plaintiff reserve all of Plaintiff's right to plead in the alternative.

## IV.  DESCRIPTION OF ILLEGAL PRACTICES

8. California law requires a seller of event tickets to provide a full refund to a requesting customer if the event is cancelled, postponed or rescheduled. Specifically, California Business & Professions Code section 22507 provides: "The ticket price of any event which is canceled, postponed, or rescheduled shall be fully refunded to the purchaser by the ticket seller upon request."

9. On or about August 20, 2019, Plaintiff and his wife purchased event tickets from VIVID. The tickets were for an April 25, 2020 performance of the musical *Les Misérables*, in San Jose, California. The email from Vivid confirming purchase of the tickets from VIVID is attached as Exhibit A.

10. On March 27, 2020, Plaintiff and his wife received an email from VIVID (specifically the "Vivid Seats Customer Service Team") stating that this event had been rescheduled to a date over a year later, June 19, 2021. In order to preempt providing Plaintiff and his wife a full refund for their event tickets as required under California law, VIVID instead illegally informed Plaintiff and his wife in this email that "if an event is postponed or rescheduled, and the original tickets are valid for entry at the time of the rescheduled event, your order will not qualify for a refund." The email is attached as Exhibit B.

11. Plaintiff is informed and believes and thereon alleges that VIVID's illegal policy denying refunds for California residents who purchased tickets for postponed or rescheduled events is categorical and has been applied to all of California VIVID customers.

## FIRST CAUSE OF ACTION

### UNFAIR BUSINESS PRACTICES IN VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17200, *et seq.*
(Against All Defendants)

12. Plaintiff incorporates all paragraphs as if fully alleged herein.

13. Plaintiff is a "person" as defined by Cal. Bus. & Prof. Code §17201.

14. Plaintiff violated the UCL by engaging in unlawful and unfair business acts and practices.

15. Defendants' unlawful business acts and practices include violating California Business & Professions Code section 22507 which provides: "The ticket price of any event which is canceled, postponed, or rescheduled shall be fully refunded to the purchaser by the ticket seller upon request."

16. Defendants' unfair business acts and practices include violating California Business & Professions Code section 22507 which provides: "The ticket price of any event which is canceled, postponed, or rescheduled shall be fully refunded to the purchaser by the ticket seller upon request." This conduct is substantially injurious to consumers, offends public policy, is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct any alleged benefit.

17. VIVID is a "ticket seller" within the meaning of Business & Professions code section 22507 and is not a "primary contractor" nor a "seller of tickets for the primary contractor operating under a written contract with the primary contractor" as defined in Business and Professions Code section 22503.5.

18. Despite the postponement or rescheduling of numerous events for which they sold tickets, Defendants contend – and have given direct notice to customers at the time of postponement or rescheduling as well as on VIVID's website and elsewhere -- that Plaintiff and other California residents are not entitled to full refunds. Indeed, Defendants have falsely informed Plaintiff and other California residents that no refunds will be given for rescheduled or postponed evens.

19. There is no adequate remedy under the law (as opposed to equity) providing for the public injunction Plaintiff seeks for Defendants' conduct.

20. The unlawful conduct of Defendants alleged herein constitutes unfair competition within the meaning of Business and Professions Code section 17200. This unfair conduct includes Defendants' use of illegal policies and procedures concerning events for which they sold tickets and which events were subsequently postponed or rescheduled.

21. As a result of Defendants' unlawful and unfair business acts and practices, Plaintiff and other California residents suffered injury in fact and lost money.

22. Plaintiff seeks all non-monetary relief allowed by law on his behalf and on behalf of all California residents, stemming from VIVID's unfair and unlawful business practices including declaratory relief; reasonable attorneys' fees and costs under California Code of Civil Procedure § 1021.5; injunctive relief; and other appropriate equitable relief.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF, ON HIS BEHALF AND ON BEHALF OF THOSE SIMILARLY SITUATED, PRAYS AS FOLLOWS:

### ON THE FIRST CAUSE OF ACTION:

1. That the Defendants be found to have violated Business and Professions Code section 17200 for the conduct alleged herein;

   Plaintiff therefore seeks a public injunction pursuant to the California UCL:

   A. Enjoining VIVID from committing future violations of Business & Professions Code section 22705;

   B. Requiring VIVID to give individualized notice to all California residents who are VIVID customers holding tickets for events that have been postponed or cancelled, informing said customers of their rights to a full refund;

   C. Establishing an effective monitoring mechanism to ensure VIVID's continued compliance with the terms of this injunction.

2. For restitution to the full extent permitted by law; and,

3. For such and other further relief, in equity, as the Court deems just or appropriate.

4. Given the massive number of ticket sales VIVID makes to California residents, and the flagrant manner of VIVID's disregard of the important rights embodied in California's ticket

customer protection law (B&P code section 22705), the injunction sought herein will confer an important, wide-reaching and precedent-setting benefit upon the public -- which will not just resonate in this case but will send a message to other ticket sellers with similar policies toward California residents -- so that attorneys' fees and costs should be awarded in an amount to be proved under California code of Civil Procedure section 1021.5.

Dated: September 28, 2020

Respectfully submitted,

**GLANCY PRONGAY & MURRAY LLP**

By: *[signature]*
Kevin F. Ruf
Glancy Prongay & Murray LLP
1925 Century Park East
Suite 2100
Los Angeles, CA 90067
(310) 201-9150

*Attorneys for Plaintiff Steve Elster*

COMPLAINT
5