GLANCY PRONGAY & MURRAY LLP
Kevin F. Ruf (SBN 136901)
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9150
Email: kruf@glancylaw.com

*Attorneys for Plaintiff Steve Elster*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| STEVE ELSTER, an individual, and on behalf of all others similarly situated,<br><br>PLAINTIFF,<br><br>vs.<br><br>VIVID SEATS, INC., an Illinois Corporation; VIVID SEATS LLC, a Delaware Corporation, and DOES 1 to 10, Inclusive.<br><br>DEFENDANTS. | Case No. 3:20-cv-07679-JCS<br><br>**NOTICE OF MOTION AND MOTION TO REMAND CASE; MEMORANDUM OF POINTS AND AUTHORITIES THEREON**<br><br>Judge:     Hon. Vince Chhabria<br>Date:       January 7, 2021<br>Time:      10:00 a.m.<br>Courtroom:  4 - 17th Floor |

TO DEFENDANT AND ITS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on January 7, 2021 at 10:00 am, or as soon thereafter as the matter may be heard in Courtroom 4 of the United States District Court, Northern District of California, located at 450 Golden Gate Avenue, 17th Floor, San Francisco, California 94102, Plaintiffs will move this Court for an order transferring this action to the Superior Court of the State of California, County of Contra Costa, pursuant to 28 U.S.C. §1447(c).

Plaintiffs' motion is based on this notice and motion, the accompanying memorandum of points and authorities, the Declaration of Kevin F. Ruf, and any additional argument or evidence the court may consider.

Dated: November 30, 2020               Respectfully submitted,

                                      **GLANCY PRONGAY & MURRAY LLP**

                                      By: *s/ Kevin F. Ruf*
                                      Kevin F. Ruf
                                      1925 Century Park East, Suite 2100
                                      Los Angeles, CA 90067
                                      Telephone: (310) 201-9150
                                      Facsimile: (310) 201-9160
                                      Email: kruf@glancylaw.com

                                      *Attorneys for Plaintiff Steve Elster*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Vivid's Removal Notice under CAFA does not come close to establishing, by a preponderance of the evidence as required, that the amount in controversy "exceeds $5 million." Instead of attempting in any way to monetize the value of the tickets for which California customers have – or would – request refunds if given the opportunity and not misinformed to the contrary by Vivid, Vivid simply states that the value of all tickets for events that have been postponed or rescheduled sold to California residents.

This case seeks to enforce California's ticket buyer protection under Business & Professions Code section 22507, which provides: "The ticket price of any event which is canceled, postponed, or rescheduled shall be fully refunded to the purchaser by the ticket seller upon request." This action does NOT – as asserted by defendant Vivid LLC in its Notice of Removal – seek refunds for all postponed or rescheduled events. Instead, this action seeks to enforce the rights of California residents to receive such refunds if they request them. Thus, the amount in controversy is a subset of the total postponed or rescheduled ticket value. This crucial fact is ignored by Vivid.

There are two aspects of the injunctive relief sought in this action – first, an injunction in the form of a notice to California residents of their right to a refund, thereby correcting Vivid's prior misrepresentation to them, and second, restitution in the form of a refund for those California customers who request a refund.

As set forth below, Defendant has not met its burden of establishing federal jurisdiction and therefore this matter should be remanded to the Superior Court of Contra Costa from which it was improperly removed.

## II. THERE IS A STRONG PRESUMPTION AGAINST REMOVAL JURISDICTION

To protect the jurisdiction of state courts, removal jurisdiction should be strictly construed in favor of remand. *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941)). There is a "strong presumption against removal jurisdiction." *Abrego v. Dow Chem. Co.,* 443 F.3d 676, 685 (9th Cir. 2006). The party seeking removal has the burden of establishing federal jurisdiction. *Holcomb v. Bingham*

*Toyota*, 871 F.2d 109, 110 (9th Cir. 1989). There must be no doubt that jurisdiction exists. If doubt exists, remand is required. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal.") (emphasis added). "Doubts as to removability must be resolved in favor of remanding the case to state court." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

**III.   THE DEFENDANTS FAIL THEIR BURDEN TO SHOW THAT THE $5,000,000 AMOUNT-IN-CONTROVERSY REQUIREMENT UNDER CAFA HAS BEEN MET.**

"[T]he proper burden of proof imposed upon a defendant to establish the amount in controversy [under CAFA] is the preponderance of the evidence standard." *Rodriguez v. AT & T Mobility Servs. LLC,* 728 F.3d 975, 977 (9th Cir.2013).  In *Ibarra v. Manheim Investments, Inc.*, 775 F. 3d 1193, 1198 (9th Cir. 2015), the Ninth Circuit Court of Appeals held that "CAFA's requirements [with respect to the amount in controversy] are to be tested by consideration of real evidence and the reality of what is at stake in the litigation, using reasonable assumptions underlying the defendant's theory of damages exposure."

The complaint in this case makes clear that the crux of the complaint is Vivid's misinforming California residents of their right to request a refund and Vivid's failure to provide California residents with their statutory rights to requested refunds.  The complaint does not presume that all – or even a majority of – California residents would exercise their rights to refunds.  Vivid's "interpretation" of the complaint is that it would require all California residents to give up tickets for postponed or rescheduled events in favor of a refund.  That is an absurd interpretation of the complaint.  See Declaration of Kevin F. Ruf, par. 4.

Instead, the complaint is predicated on Business & Professions ("B&P") Code section 22507, which provides: "The ticket price of any event which is canceled, postponed, or rescheduled shall be fully refunded to the purchaser by the ticket seller **upon request**." (Emphasis added.)

Under the heading "Description of Illegal Practices" the complaint asserts that, in contravention of B&P Code section 22507, "VIVID instead illegally informed Plaintiff and his wife in this email that 'if an event is postponed or rescheduled, and the original tickets are valid for entry at the time of the rescheduled event, your order will **not qualify for a refund**.'" Complaint p. 2:22-

25 (Empahsis added).   The complaint then asserts that "**this illegal policy** denying refunds for California residents who purchased tickets for postponed or rescheduled events is categorical and has been applied to all of California VIVID customers." Complaint p. 2:2-28 (Emphasis added).

The only actual evidence put forward by Vivid in support of its contention that the amount in controversy exceeds $5 million is the total amount of postponed or rescheduled tickets without any information about the number of California residents who have requested refunds and been denied or who would request refunds if they knew they could.  Specifically, the Declaration of Ted Pickus, Vivid's Vice President of Accounting, states that "the total dollar amount paid by California residents for Tickets purchased through Vivid Seats LLC's online marketplace to third-party events that have been postponed or rescheduled due to the COVID-19 pandemic is substantially more than $5 million."  Pickus Decl. par. 7.

This case presents an issue regarding calculating damages not unlike one in the case *Pazol v. Tough Mudder Inc.*, 819 F.3d 548 (1st Cir. 2016).  In that case, a sports event was moved from its original location and plaintiffs in a class action sought, inter alia, return of the registration fees for registrants who "**did not participat**e at the changed location."  Id. at 550 (Emphasis added). Defendants in that case attempted to substantiate the $5,000,000 amount in controversy required under CAFA by (among other creative leaps) including as potential damages ALL of the registration fees paid by ALL registrants, ignoring that plaintiff was not seeking refund of ALL registration fees but just those for registrants who did not participate in the event. As the First Circuit explained, "The defendants base their argument on the complaint's 'prayer for relief,' which states that the plaintiffs seek 'damages in amounts to be determined at trial.'" The First Circuit remanded the action because, inter alia, the real-world amount in controversy was not all registration fees, but only a subset.

Similarly, here Vivid points to the prayer for "restitution to the full extent permitted by law" (Removal Petition pg 2:6) as if it seeks restitution for the entire inventory of tickets for postponed/rescheduled events.  Instead, the relevant subset in the instant case is the value of postponed/rescheduled event tickets for which California residents **have sought/would seek refunds**.  Vivid has presented no evidence on this subset.

3

MEMORANDUM OF POINTS AND AUTHORITIES                    Case No. 3:20-cv-07679-JCS

The amount in controversy in this case could also be analogized to a wage and hour class action where a "pattern and practice" of labor violations is alleged but where "the Court finds that Defendant cannot simply assume a 100% violation rate" in order to meet the $5 million amount in controversy requirement. *Dobbs v. Wood Group PSN, Inc*. 201 F. Supp.3d 1184, 1189 (ED Cal. 2016). "To succeed [in avoiding remand] Defendant must demonstrate that its method of calculation is based on a representative sample from admissible data, from which it 'extrapolate[s] for the entire class.'" Id. citing *LaCross v. Knight Transp. Inc*. 775 F. 3d 1200, 1202-03 (9th Cir. 2015).

In short, Vivid – despite having historical experience and other data regarding the percentage of takers when refunds are offered – presents no information at all other than the total amount of ticket sales subject to California's refund policy.

Vivid also makes a halfhearted reference to the presumed expense of the injunction which would give notice of refund rights . However, as set forth in the accompanying Declaration of Kevin F. Ruf, this notice, consistent with Vivid's online business platform, would presumably be made via email and Vivid's own website and Vivid provides no evidence to suggest the cost would be significant.

## IV.   CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request the Court order this case remanded to the Superior Court of the County of Contra Costa.

Dated: November 30, 2020              Respectfully submitted,

**GLANCY PRONGAY & MURRAY LLP**

By: *s/ Kevin F. Ruf*
Kevin F. Ruf
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email: kruf@glancylaw.com

*Attorneys for Plaintiff Steve Elster*

**PROOF OF SERVICE BY ELECTRONIC POSTING**

I, the undersigned say:

I am not a party to the above case and am over eighteen years old. On November 30, 2020, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Northern District of California, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on November 30, 2020, at Los Angeles, California.

                                          *s/ Kevin F. Ruf*
                                          Kevin F. Ruf